UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MISAEL RODRIGUEZ, )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>CENTRAL CREDIT SERVICES LLC, )<br>and APPLIED BANK, )<br>)<br>)<br>)<br>Defendants. ) | Case No. 19-cv-00359<br><br>Jury Demanded |

## COMPLAINT

Plaintiff, Misael Rodriguez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/1 ("ICFA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. §1367 for his state law claims.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Defendants sent Plaintiff a collection letter while he was represented by an attorney, an invasion of privacy that is an express violation of federal law.

4. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define

injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Misael Rodriguez ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a consumer debt allegedly owed for a defaulted Applied Bank consumer credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Central Credit Services LLC ("CCS"), is a limited liability company with its principal place of business in Jacksonville, Florida. It is registered to do business in Illinois. Its registered agent is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.  (Exhibit A, Central Credit Services LLC Record from Illinois Secretary of State)

7. CCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. CCS holds a collection agency license from the State of Illinois.  (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation)

9. CCS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

10. Defendant Applied Bank is a Delaware corporation with its principal place of business in Wilmington, Delaware. (Exhibit C, Record from Delaware Department of State: Division of Corporations)

## FACTUAL ALLEGATIONS

11. According to Defendants, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for an Applied Bank consumer credit account used for personal purposes ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

12. Due to his financial circumstances, Plaintiff cannot pay any debts, and the alleged debt went into default.

13. Applied Bank then retained First National Collections Bureau, Inc. ("FNCB"), who attempted to collect the alleged debt from Plaintiff.

14. In response to collection attempts by Applied Bank's collection agencies, Plaintiff retained the services of Community Lawyers Group who on March 22, 2017 sent a letter of representation informing FNCB of Plaintiff's retention of counsel. (Exhibit D, Representation Letter).

15. FNCB received Plaintiff's counsel's letter, on March 22, 2017, and on information and belief, forwarded it to its client, Defendant Applied Bank.

16. Now unable to directly contact Plaintiff, Applied Bank instead retained another collector, Defendant CCS, in an attempt to collect on the alleged debt.

17. CCS would have had access to the same collection file that Applied Bank's first debt collector had.

18. The collection file included notification of Plaintiff's attorney representation.

19. On information and belief, CCS reviewed the collection file prior to attempting to collect the alleged debt.

20. On or about August 10, 2018, CCS sent a collection letter directly to Plaintiff in an attempt to collect on the alleged Applied Bank debt. (Exhibit E, Collection Letter).

21. The Letter conveyed information regarding the alleged debt, including the identity of the current creditor, identity of the original creditor, and a current balance on the alleged debt.

22. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

23. Plaintiff was upset because he had been informed by his attorney that he would no longer be contacted about the alleged debt since he was represented by an attorney.

24. CCS knew or could have readily ascertained that Plaintiff had an attorney with respect to the alleged debt.

25. 15 U.S.C. § 1692c(a) of the FDCPA provides as follows:

> **Communication with the consumer generally**
>
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--**
>
> **. . . (2) If the debt collector knows the consumer is represented by an attorney with respect to such debt . . . .**

26. CCS communicated directly with Plaintiff, in violation of 15 U.S.C. § 1692c(a)(2), when it knew or could have readily ascertained that Plaintiff was represented by an attorney with respect to an alleged debt.

27. The serial hiring of collection agencies after a consumer has hired an attorney can constitute an unfair practice. *See Duarte v. Convergent Outsourcing, Inc.,* No. 17 C 16051, 2018 WL 3427910 at *3 (N.D. Ill. July 16, 2018) (analyzing the practice under the Illinois Consumer Fraud Act).

28. Plaintiff was worried that he would continue to have to deal with CCS and Applied Bank on his own, and felt nervousness and feelings of hopelessness that CCS and/or Applied Bank would never stop contacting him, even after he sought the assistance of an attorney.

29. Defendants' communications cause negative emotions including hopelessness, annoyance, aggravation, and other garden variety emotional distress.

30. The providing of consumer credit card accounts to Illinois consumers, and billing for those payments, are activities of trade and commerce as those terms are defined in the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq ("ICFA").

31. At all times relevant to this complaint, Applied Bank authorized, directed, and ratified CCS' actions taken in connection with the collection of the debt.

32. Thus, Applied Bank was at all times relevant to this Complaint, and currently is, engaged in trade and commerce in the State of Illinois by offering, billing for, and collecting payments for credit card accounts for Illinois consumers.

33. The ICFA defines "consumer" as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e).

34. Plaintiff is a "consumer" as that term is defined in the ICFA because Plaintiff

contracted with Applied Bank for a consumer credit account primarily for personal and household purposes.

35. Section 2 of the ICFA prohibits unfair or deceptive practices and states, in relevant part, as follows:

> **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**

815CS 505/2.

36. Applied Bank employed unfair methods of competition in violation of Section 2 of the ICFA by switching to a different debt collection company in order to subvert Plaintiff's right to the protections afforded by attorney representation under federal law.

37. Plaintiff was damaged by Applied Bank's conduct as explained *supra*.

38. Applied Bank bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including CCS. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016).

39. Plaintiff experienced negative emotions about Defendants' communication, including annoyance, aggravation, and other garden variety emotional distress.

40. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT—CCS

41. Plaintiff realleges and incorporates the above paragraphs into this count.

42. CCS communicated directly with Plaintiff, in violation of 15 U.S.C. § 1692c(a)(2), when it knew or could have readily ascertained that Plaintiff was represented by an attorney with respect to an alleged debt.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendant as follows:

  A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

  B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  D. Such other or further relief as this Court deems proper.

**COUNT II—ILLINOIS CONSUMER FRAUD ACT FOR FALSE AND DECEPTIVE BUSINESS PRACTICES—APPLIED BANK**

43. Plaintiff re-alleges above paragraphs 1-40 as set forth fully in this count.

44. Defendant Applied Bank violated Plaintiff's rights under the ICFA by switching debt collectors in an effort to collect the alleged debt, thereby subverting his right to the protections afforded by attorney representation under federal law.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

  A. Actual damages suffered by the Plaintiff;

  B. Punitive damages;

  C. Plaintiff's attorney fees and costs;

  D. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

By: <u>s/Michael J. Wood</u>
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com